Michael Kind, Esq. (SBN: 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Sara Khosroabadi, Esq.
NV Bar No. 13703
**HYDE & SWIGART**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
Fax: (619) 297-1022
sara@westcoastlitigation.com
*Attorneys for Plaintiff Kamiliha Brewster*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Kamiliha Brewster,<br><br>                    Plaintiff,<br><br>v.<br><br>Credit Control, LLC,<br><br>                    Defendant. | Case No: 2:16-cv-2793<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Kamiliha Brewster ("Plaintiff"), through counsel, brings this action to challenge the actions of Credit Control, LLC ("Defendant") with regard to

attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing harm to Plaintiff.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Defendant is subject to personal jurisdiction in Nevada, as it conducts business in Nevada and is listed with the Nevada Secretary of State as a Foreign Limited-Liability Company doing business in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

10. At all times relevant, Defendant conducted business within the State of Nevada.

## PARTIES

11. Plaintiff is a natural person who resides in Las Vegas, Nevada.

12. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a limited liability company doing business in the State of Nevada.

14. Upon information and belief, Defendant's website is http://www.credit-control.com/.

15. According to Defendant's website, Defendant "is a full-service collections agency."

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Sometime before May 2016, Plaintiff is alleged to have incurred certain financial obligations to the original creditor (the "Debt").

18. As it is not relevant or material to this action, Plaintiff currently takes no position as to the validity of this alleged Debt.

19. The Debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments on the Debt and defaulted on the Debt.

21. On May 13, 2016, Plaintiff, through counsel, sent a letter to the original creditor, informing it that Plaintiff was represented by an attorney and gave notice that Plaintiff was not to be contacted but for through her attorney. The letter gave notice of Plaintiff's counsel's contact information, including law firm, name, address, phone number, fax number and website.

22. Thereafter, Defendant acquired the defaulted debt from the original creditor.

23. Upon information and belief, Defendant received from the original creditor notice that Plaintiff was represented by an attorney. The May 13, 2016 letter

specifically instructed that "This notice imposes on you the duty to advise any other agents, employees, or third party representatives, including collectors or repossession personnel that you have employed regarding these accounts, or that you may employ in the future, of the contents of this letter."

24. After receiving notice that Plaintiff was represented by an attorney, Defendant contacted Plaintiff directly in an attempt to collect the Debt.

25. For example, Defendant contact Plaintiff, including but not limited to, on September 13, 2016 at 1:33 p.m. in an attempt to collect the Debt.

26. After Defendant knew that Plaintiff was represented by an attorney, Defendant continued its communications in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

27. After Defendant was notified in writing that Plaintiff wished to have direct communications with Plaintiff to be ceased with respect to the Debt, Defendant communicated further with Plaintiff with respect to the Debt. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) because none of the enumerated exceptions applied.

28. Defendant has disregarded Plaintiff's requests to stop contacting Plaintiff, and as such, this action commenced.

29. Defendant's actions were willful and knowing because Defendant knew that Plaintiff was represented by an attorney and knew that it prohibited from contacting a represented person under the FDCPA.

30. As a result of Defendant's actions, Plaintiff suffered from an invasion of her legally protected right to be represented by an attorney. Plaintiff also suffered from an invasion of her right to privacy when Defendant violated the law and contacted her directly, knowing that she was represented by an attorney. Further, Plaintiff suffered from mental anguish and emotional distress as a result of Defendant's continuous and harassing calls when Defendant knew that Plaintiff was represented by an attorney. Plaintiff also suffered the risk of

harm that Defendant would take advantage of Plaintiff's lack of knowledge of her legal rights when Defendant contacted her directly, instead of through her attorney.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. § 1692, *et seq*.

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Other relief as the Court deems just and proper.

///

///

///

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

**JURY DEMAND**

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 5th day of December 2016.

                                        Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By: /s/ Michael Kind
                                                  Michael Kind, Esq.
                                                  7854 W. Sahara Avenue
                                                  Las Vegas, NV 89117
                                                  *Attorneys for Plaintiff*